UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW BERNALL JONES,

    Petitioner,

v.                                                            Case No. 1:25cv208-TKW-HTC

RICKY D. DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Andrew Bernall Jones, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging a judgment and sentence rendered in Alachua County Circuit Court Case Number 2016-CF-2107. Doc. 1. The Secretary moved to dismiss the petition as untimely (Doc. 8) and Jones filed a response (Doc. 10). Upon consideration, the Secretary's Motion to Dismiss should be GRANTED, and the petition should be dismissed with prejudice as untimely.

**I.    Background**

On May 3, 2018, a jury found Jones guilty of attempted murder in the first degree, three (3) counts of robbery with a firearm, and possession of a firearm by a convicted felon. Doc. 8-2 at 79-85. The circuit court gave Jones a life sentence for the attempted murder and robbery charges and sentenced him to 15 years for the possession of a firearm charge, to run consecutive to the other sentence and to a

federal sentence. *Id.* at 86-98. Jones appealed the conviction and judgment to the First District Court of Appeal ("First DCA"), which affirmed without opinion on June 20, 2019. *Jones v. State*, 274 So. 3d 339 (Fla. 1st DCA 2019); Doc. 8-2 at 100. Jones filed the instant federal petition on July 14, 2025. Doc. 1.

## II. Discussion

The Secretary moves to dismiss the petition as untimely, arguing that Jones's one-year time limit under 28 U.S.C. § 2244(d)(1) expired on May 10, 2021. Doc. 8. Jones does not dispute that the petition is untimely;[1] instead, he argues he is entitled to equitable tolling. Doc. 10.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed within one year from certain trigger dates. 28 U.S.C. § 2244(d)(1). For purposes of this report, the relevant trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations

---

[1] Jones's conviction became final on September 19, 2019, ninety (90) days after the First DCA affirmed his conviction. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (conviction becomes final under § 2254(d)(1)(A) when the 90 days to file a petition for a writ of certiorari in the United States Supreme Court expires). Jones filed his first post-conviction motion that tolled the AEDPA period on March 12, 2020. Doc. 8-2 at 67. By that time, 175 days had run off the AEDPA clock. That motion tolled the deadline until it was fully resolved on October 29, 2020. *Id.* at 109. The AEDPA clock began running the next day and expired 190 days later, on May 10, 2021, before Jones filed another post-conviction motion.

Case No. 1:25cv208-TKW-HTC

period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2).

The one-year period may be equitably tolled "if a petitioner establishes both extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Equitable tolling applies only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because equitable tolling constitutes "'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007)).

Furthermore, the "extraordinary circumstances" must be "both beyond [a petitioner's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). Courts focus "on the circumstances surrounding the late filing of the habeas petition and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing" his habeas petition. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (internal quotation marks and citations omitted). "In proving an

'extraordinary circumstance,' a petitioner must 'show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.'" *Moore v. Frazier*, 605 F. App'x 863, 866 (11th Cir. 2015) (per curiam) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)). "The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine." *Id.* (citing *San Martin*, 633 F.3d at 1268)

Jones argues he is entitled to equitable tolling because: (1) he is a layman in the law; (2) he is housed in maximum management housing with little to no access to the law library; and (3) his legal file was lost by the department of corrections during a mental health crisis from September 3, 2019, to March 25, 2021. Doc. 10 at 1-2. These circumstances do not justify equitable tolling in this case.

First, the fact that Jones is a layman in the law and has limited access to the law library are not "rare and exceptional circumstances" preventing him from timely filing. *See e.g., Fonseca v. McNeil*, 2009 WL 196095 (S.D. Fla. Jan. 27, 2009) ("Fonseca's status as an unskilled layperson does not excuse the delay. Such factors are also not considered extraordinary circumstances or external factors that may excuse the many and oftentimes complex procedural requirements a prisoner encounters when seeking federal habeas corpus relief."). Indeed, because these are obstacles faced by virtually every incarcerated unrepresented habeas petitioner, the statute of limitations would be gutted if the Court were to apply equitable tolling on

that basis.  *See e.g., Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling).

Second, even accepting that Jones's legal materials were lost between September 2019 to March 2021, he has not shown the lack of those materials prevented him from filing a timely habeas petition.  Jones does not identify, for example, what legal materials he needed to file a petition.  Indeed, the docket sheet for Jones's underlying criminal case shows that Jones filed a myriad of motions and correspondence with the state court from September 2019 to May 2021.  Moreover, the exhibit Jones attaches to his response shows he grieved the issue sometime in late 2019 or early 2020.  Doc. 10 at 5.  Although the grievance was approved, and Jones's grievance was referred to Risk Management, Jones submitted a second formal appeal on January 2, 2021, contending he had still not received his materials.  It is not clear why Jones waited a year to seek the materials again or what the response was in 2021.  Regardless, he still had more than four (4) months remaining from January 2021 to file a habeas petition *and* could have requested documents from the circuit and appellate courts.

For the reasons stated above, Jones has not shown that he is entitled to equitable tolling.  He fails to meet his burden of proving "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

Case No. 1:25cv208-TKW-HTC

and prevented timely filing." *Holland*, 560 U.S. at 649. This is not the "rare" circumstance warranting equitable tolling.

**III.   Conclusion**

Because the petition is untimely and equitable tolling is inapplicable, the petition should be dismissed with prejudice.

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the petition is untimely does not turn on any contested factual issue. Therefore, an evidentiary hearing is not warranted because it would not assist in determining whether Petitioner is entitled to relief.

Also, no certificate of appealability is appropriate in this case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule

11(b).  After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss (Doc. 8) be GRANTED and the Petition (Doc. 1) be DISMISSED WITH PREJUDICE as untimely.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of December, 2025.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:25cv208-TKW-HTC